# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-02258-JHN-FFMx | Date | April 15, 2010 |
|---|---|---|---|
| Title | Aramid Entertainment Fund Limited v. Library Asset Acquisition Company Ltd | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER DENYING PRELIMINARY INJUNCTION and ORDER TO SHOW CAUSE re DISMISSAL (In Chambers)

On March 29, 2010, Plaintiff Aramid Entertainment Fund Limited ("Plaintiff") applied to this Court ex parte for a temporary restraining order ("TRO") preventing defendant, Library Asset Acquisition Company Ltd. ("LAAC" or "Defendant") from conducting an April 1, 2010 foreclosure sale regarding the motion picture Black Water Transit.  The Court granted the TRO on the ground that LAAC's quarter-page notice in the Hollywood Reporter that was not renewed upon subsequent foreclosure dates, was not commercially reasonable.  Plaintiff continues to petition this Court for a preliminary injunction out of concern that LAAC "refuses to acknowledge that it will conduct a commercially reasonable sale in the future." (Reply at 5.)  LAAC assures the Court that the preliminary injunction is moot because it will re-notice the foreclosure sale.  The Court agrees and hereby DENIES the request for preliminary injunction.  The Temporary Restraining Order is dissolved as MOOT.

LAAC is reminded that its future sale must be commercially reasonable in keeping with the California Commercial Code and the purpose of the notice, which "is to alert the debtor and other secured creditors to take steps to protect their interests, possibly including locating bidders for their collateral. . . ." *California Ford & Vlahos v. ITT Commercial Finance Corp*., 8 Cal. 4th 1220, 1232-33, 36 Cal. Rptr. 2d 464, 885 P.2d 877 (1994) (citation and internal quotation marks omitted).  In another, similar action in this district involving Plaintiff, Judge Wilson found that "Aramid's proposed sale involves unique assets that are highly valuable.  Thus, a single advertisement, even if made in the appropriate publication, is likely to fall short of the requirements of the Commercial Code." *Cerulean Productions, LLC et al v. Aramid Entertainment Fund Limited*, 2:09-cv-05926-SVW-JCx (docket no. 62 at 24).

Should LAAC's notice render the sale commercially unreasonable, Plaintiff will still have recourse before this Court.  Because all three causes of action in Plaintiff's underlying complaint relate to the proposed April 1, 2010 foreclosure sale, it appears that this action is now moot.  Plaintiff is hereby given until **April 21, 2010** to show cause, in writing, why this matter should not be dismissed in its entirety.  Otherwise, the Court will dismiss and close this matter on its own motion.

**The hearing set for April 19, 2010 on the preliminary injunction is hereby removed from the Court's calendar.**

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-02258-JHN-FFMx | Date | April 15, 2010 |
|---|---|---|---|
| Title | Aramid Entertainment Fund Limited v. Library Asset Acquisition Company Ltd | | |

Initials of Preparer     AM